IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEMAJ CARTER, ) | |
| ) | Civil Action No.  21-415 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ALLEGHENY COUNTY JAIL, ) | |
| FNU LEFEVERE, JOHN/JANE ) | |
| DOE(S) 1 and JOHN/JANE DOE(S) 2, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, SEMAJ CARTER, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

4. Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania.

PARTIES

5. Plaintiff, Semaj Carter, is an adult individual who resides in Allegheny County, Pennsylvania.

6. Defendant, Allegheny County Jail ("ACJ"), is now, and was at all times relevant to Plaintiff's claims, a county corrections facility located at 950 Second Avenue, Pittsburgh, Pennsylvania 15219.  At all times relevant hereto, Defendant ACJ was acting through its agents, subsidiaries, officers, employees and assigns purporting to act within the full scope of their agency, office, employment or assignment.

7. Defendant, FNU Lefevere ("Lefevere"), is an adult male individual.  Plaintiff believes, and therefore avers, that Defendant Lefevere is a United States citizen.  At all times relevant to this Complaint, Defendant Lefevere was employed as a correctional officer by Defendant ACJ.

8. Defendants, John/Jane Doe(s) 1, unknown in name, number or gender were, at all times relevant to this Complaint, correctional officers at Defendant ACJ.

9. Defendants, John/Jane Doe(s) 2, unknown in name, number or gender were, at all times relevant to this Complaint, employees of Defendant ACJ, including, but not limited to, members of the medical staff, who had actual knowledge of Plaintiff's medical condition, as more fully described hereinafter below.

FACTUAL ALLEGATIONS

10. Plaintiff is diagnosed with asthma and regularly experiences severe symptoms including, but not limited to, the inability to breathe properly.  Plaintiff's breathing difficulties can only be alleviated by prescribed breathing treatments.

11. At all times relevant to this Complaint, Plaintiff was an inmate at Defendant ACJ, located at 950 Second Avenue, Pittsburgh, Pennsylvania 15219.

12. Throughout his incarceration at Defendant ACJ, Plaintiff was confined to unhealthy, unhygienic and/or unsanitary living conditions, subjected to cruel and unequal treatment by the Defendants and was provided inadequate medical care.

13. On or about October 10, 2019, Plaintiff filed a grievance reporting that Defendant Lefevere told the Plaintiff that "[Defendant Lefevere's] job was to make [the Plaintiff's] life miserable" and that the "[Plaintiff] will be in jail for 20 years."

14. In this grievance, as more fully described hereinbefore above, Plaintiff stated that Defendant Lefevere subjected the Plaintiff to unequal treatment based on his race and that other inmates of the same race as Defendant Lefevere were treated more favorably than the Plaintiff and not disciplined for similar and/or worse offenses than those allegedly committed by the Plaintiff. These alleged offenses included, but were not limited to, possessing contraband.

15. Defendant ACJ took no action, remedial or otherwise, in response to Plaintiff's grievance, as described hereinbefore above.

16. On or about October 27, 2019, Plaintiff filed a grievance complaining that he was given unwashed utensils to use. Plaintiff noted that Defendant Doe(s) 1 acknowledged that the utensils were dirty and did nothing to remedy the situation.

17. Defendant Doe(s) 1's actual knowledge of the unhygienic and/or unsanitary utensils, and inaction in response thereto, constitutes deliberate indifference the rights of the Plaintiff.

18. Furthermore, Defendant ACJ took no action, remedial or otherwise, in response to Plaintiff's grievance, as described hereinbefore above.

19. Thereafter, on or about October 29, 2019, Plaintiff filed a grievance complaining that he had asked Defendant Doe(s) 1 for a toothbrush and to be permitted to shower on multiple

occasions.  Despite Plaintiff's requests, Defendant Doe(s) 1 did not provide the Plaintiff with a toothbrush or permit him to shower for approximately three (3) days.

20. Defendant Doe(s) 1's actual knowledge of the unhygienic and/or unsanitary living conditions, and inaction in response thereto, constitutes deliberate indifference.

21. Defendant ACJ took no action, remedial or otherwise, in response to Plaintiff's grievance, as described hereinbefore above.

22. Plaintiff filed several other grievances during October of 2019 and November of 2019 wherein he complained of unhygienic and/or unsanitary living conditions.  These conditions included, were not limited to, Plaintiff's limited access to clean water in his cell; an insect infestation in his cell's sink; and Defendant Doe(s) 1's failure to provide him with toothpaste and/or soap.

23. Defendant Doe(s) 1's actual knowledge of the unhygienic and/or unsanitary living conditions, and inaction in response thereto, constitutes deliberate indifference.

24. Defendant ACJ took no action, remedial or otherwise, in response to Plaintiff's grievances, as described hereinbefore above.

25. Plaintiff was also denied adequate medical care on multiple occasions from in or about October of 2019 until in or about May of 2020, wherein Defendant Doe(s) 2 refused to provide him with medically necessary breathing treatments.

26. Plaintiff was unable to breathe properly and often hyperventilated as a direct result of Defendant Doe(s) 2's failure to provide him with medically necessary breathing treatments.

27. Defendant Doe(s) 2's actual knowledge of Plaintiff's need for breathing treatments, and their failure to provide them, constitutes deliberate indifference.

28. Plaintiff filed at least four (4) grievances related to Defendant Doe(s) 2 failure to provide adequate medical care.

29. Defendant ACJ took no action, remedial or otherwise, in response to Plaintiff's grievances, as described hereinbefore above.

## COUNT I:

### PLAINTIFF v. DEFENDANTS ACJ AND JOHN/JANE DOE(S) 1

### VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION

### FAILURE TO PROVIDE SANITARY LIVING CONDITIONS

30. Plaintiff incorporates by reference Paragraphs 1 through 29 as though fully set forth at length herein.

31. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. § 1983 against Defendants for violations of Plaintiff's constitutional rights under color of law.

32. At all times relevant hereto, pursuant to 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution, Plaintiff had the right to humane living conditions while he was incarcerated.

33. As more fully described hereinbefore above, Defendants' failure to provide the Plaintiff with appropriate living conditions constituted deliberate indifference in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

34. Defendants, and each of them, failed to provide Plaintiff with humane living conditions, despite actual knowledge of the unhygienic and/or unsanitary condition(s) of his cell.

35.     The actions of the individual Defendants were willful, wanton and/or done with a reckless disregard for the Plaintiff's rights, thereby subjecting the individual Defendants to punitive damages.

36.     As a direct and proximate result of the acts described hereinbefore above, perpetrated by the Defendants, Plaintiff suffered the following injuries and damages:

      a.     violation of his constitutional rights under 42 U.S.C. § 1983 and the Eighth Amendment;

      b.     economic damages related to any and all legal, and/or other consequential costs; and

      c.     such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against individual Defendants, and each of them; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                          JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANTS ACJ AND JOHN/JANE DOE(S) 2

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE EIGHTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

FAILURE TO PROVIDE ADEQUATE MEDICAL CARE

37.   Plaintiff incorporates by reference Paragraphs 1 through 36 as though fully set forth at length herein.

38.   Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. § 1983 against Defendants for violations of Plaintiff's constitutional rights under color of law.

39.   At all times relevant hereto, pursuant to 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution, Plaintiff had the right to adequate medical care while he was incarcerated.

40.   As more fully described hereinbefore above, Defendants' failure to provide adequate medical care to the Plaintiff constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

41.   Defendants, and each of them, failed to provide Plaintiff with adequate medical care, despite actual knowledge of his serious medical conditions.

42.   The actions of the individual Defendants were willful, wanton and/or done with a reckless disregard for the Plaintiff's rights, thereby subjecting the individual Defendants to punitive damages.

43.   As a direct and proximate result of the acts described hereinbefore above, perpetrated by the Defendants, Plaintiff suffered the following injuries and damages:

        a.   violation of his constitutional rights under 42 U.S.C. § 1983 and the Eighth Amendment;

      b.    extreme physical pain and suffering;

      c.    long lasting and continued medical issues;

      c.    economic damages related to any and all legal, and/or other consequential costs; and

      d.    such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against individual Defendants, and each of them; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANTS ACJ AND LEFEVERE

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

EQUAL PROTECTION

44.    Plaintiff incorporates by reference Paragraphs 1 through 43 as though fully set forth at length herein.

45.    Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. § 1983 against Defendants for violations of Plaintiff's constitutional rights under color of law.

46.    At all times relevant hereto, pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, Plaintiff had the right to equal protection under the law.

47. As more fully described hereinbefore above, Defendant Lefevere subjected the Plaintiff to unequal treatment based on his race.

48. Inmates of the same race as Defendant Lefevere were treated more favorably than the Plaintiff and not disciplined for similar and/or worse offenses than those allegedly committed by the Plaintiff.

49. Defendant ACJ took no action, remedial or otherwise, in response to Defendant Lefevere's discriminatory conduct.

50. Defendant Lefevere's actions were willful, wanton and/or done with a reckless disregard for the Plaintiff's rights, thereby subjecting Defendant Lefevere to punitive damages.

51. As a direct and proximate result of the acts described hereinbefore above, perpetrated by the Defendants, Plaintiff suffered the following injuries and damages:

    a. violation of his constitutional rights under 42 U.S.C. § 1983 and the Eighth Amendment;

    b. economic damages related to any and all legal, and/or other consequential costs; and

    c. such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Lefevere; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                              JURY TRIAL DEMANDED

        Respectfully submitted,

        LAW OFFICES OF JOEL SANSONE

        s/ Joel S. Sansone
        Joel S. Sansone, Esquire
        PA ID No. 41008
        Massimo A. Terzigni, Esquire
        PA ID No. 317165
        Elizabeth A. Tuttle, Esquire
        PA ID No. 322888
        *Counsel for Plaintiff*

        Law Offices of Joel Sansone
        Two Gateway Center, Suite 1290
        603 Stanwix Street
        Pittsburgh, Pennsylvania 15222
        412.281.9194

Dated: March 30, 2021